IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-CR-45-2-BO
No. 2:12-CV-76-BO

| | | |
|---|---|---|
| JAMES CLEGG, | ) | |
| Petitioner, | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss, petitioner has responded to the motion, and the matter is ripe for ruling. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

Petitioner, Mr. Clegg, pleaded guilty pursuant to a plea agreement to distribution of twenty-eight grams or more of cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. Mr. Clegg was sentenced by this Court on July 18, 2012, to a term of 151 months' imprisonment. Mr. Clegg did not notice a direct appeal.

## DISCUSSION

In his petition, Mr. Clegg raises several claims of ineffective assistance of counsel. Mr. Clegg claims that his counsel abandoned him, that counsel failed to object to anything on his behalf, that counsel failed to investigate his case, and that counsel failed to represent him at all. Mr. Clegg further contends that counsel failed as promised to request that Mr. Clegg's sentences

be run concurrently and Mr. Clegg be recommended for a drug treatment program while in the Bureau of Prisons.

In order to demonstrate that the assistance of his counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

Mr. Clegg can show no prejudice that resulted from any perceived lack of communication with his counsel. Even assuming, *arguendo*, the counsel did in fact fail to communicate with Mr. Clegg in a manner that he would have liked, Mr. Clegg has failed to make any allegation or offer any support for the contention that, but for counsel's unprofessional conduct, the result of his proceeding would have been different. Nor has Mr. Clegg proffered any argument or evidence to demonstrate that his counsel's alleged failure to request drug treatment or that Mr. Clegg's state and federal sentences be ordered to run concurrently fell below an objective standard of reasonableness or resulted in prejudice. Indeed, after its colloquy with both Mr. Clegg and his counsel, and over the objection of the government, the Court in this matter imposed a downward variance sentence thirty-seven months below the bottom of Mr. Clegg's original advisory

2

guidelines range.

As Mr. Clegg has made only conclusory allegations and has failed to demonstrate that but for his counsel's alleged abandonment and failures the result of the proceeding would have been different, the Court grants the government's motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Mr. Clegg is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether Mr. Clegg is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of Mr. Clegg's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 68] is GRANTED and

3

petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 62] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this __20__ day of June, 2013.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 2:11-cr-00045-BO   Document 73   Filed 06/21/13   Page 4 of 4